UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lawrence Kovacs,

    Plaintiff,
v.                                                                               Case No. 09-10862

                                                      Honorable Sean F. Cox

JPMorgan Chase & Co., Inc.,

    Defendant.
_____/

## OPINION & ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

        This action is one of numerous actions recently filed in the Eastern District of Michigan by attorneys Kassem M. Dakhlallah and Edward L. Ewald, Jr., asserting multiple claims relating to a residential mortgage. The matter is currently before the Court on Defendant's Motion for Summary Judgment and/or for Dismissal. Plaintiff did not file a response to the motion, even after this Court issued an order directing Plaintiff to show cause in writing why the unopposed motion should not be granted. The Court finds that oral argument would not significantly aid the decisional process and therefore orders that the motion will be decided upon the briefs. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons below, the Court shall GRANT the motion.

PROCEDURAL HISTORY

        Plaintiff filed this action in state court on or about February 20, 2009, and Defendant thereafter removed the action to this Court based on federal question and diversity jurisdiction.

        Plaintiff's complaint asserts the following 13 counts: "Accounting" (Count I);

1

"Wrongful Foreclosure" (Count II); "Violation of 15 USC § 1639" (Count III); "Predatory Lending" (Count IV); "Violation of Truth in Lending Act, 15 U.S.C. § 1601" (Count V); "Fraudulent Misrepresentation" (Count VI); "Negligent Misrepresentation" (Count VII); "Defamation of Credit/Violation of Fair Credit Reporting Act" (Count VIII); "Rescission of Notes and Mortgages" (Count IX); "Reformation of Notes and Mortgages" (Count X); "Violation of Mortgage Brokers, Lenders, and Services Licensing Act, MCL § 445.1651" (Count XI); "Usuary/Violation of Usury Act - MCL § 438.31" (Count XII); and "Temporary Restraining Order/Preliminary Injunction" (Count XIII).

On June 2, 2009, this Court held a Scheduling Conference. On that same date, this Court issued a Scheduling Order that provides: 1) witness lists must be filed by September 4, 2009; 2) a discovery cut-off of October 19, 2009; and 3) a November 19, 2009 deadline for filing motions. (Docket Entry No. 11).

On September 3, 2009, Defendant filed its Witness List. Plaintiff has not filed a Witness List.

On November 11, 2009, Defendant filed its "Motion to Dismiss and/or for Summary Judgment on All of Plaintiff's Claims." (Docket Entry No. 14). Defendant's motion states that prior to filing the motion, "there was a telephone conference between the parties' attorneys," in which Defendant explained the nature of the motion and its legal basis and requested, but did not obtain, concurrence from Plaintiff's Counsel.

On November 20, 2009, this Court sent written notice to the parties advising that Defendant had filed the above motion and scheduling the motion to be heard by the Court on January 28, 2010.

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion. Thus, if Plaintiff opposes Defendant's pending motion, Plaintiff was required to file a brief in opposition to same within 21 days of service of the motion.

Although the time permitted under Local Rule 7.1 for filing a response to the pending motion had passed, as of December 3, 2009, no brief in opposition to the pending motion had been filed by Plaintiff.

Accordingly, on December 3, 2009, this Court issued an Order requiring Plaintiff to show cause, in writing, no later than December 10, 2009, why Defendant's motion should not be granted. (Docket Entry No. 17). Nevertheless, Plaintiff has not filed any response to the pending motion or the Show Cause Order; nor has Plaintiff sought to voluntarily dismiss any of his claims in this action.

STANDARD OF DECISION

Although Plaintiff has not filed a brief opposing Defendant's motion, the Sixth Circuit has instructed that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992) ("The trial court must indeed intelligently and carefully review the legitimacy" of an "unresponded-to motion."). The Sixth Circuit has further

explained that:

> In the absence of a response, the court must review carefully those portions of the submitted evidence designated by the moving party. Neither the trial nor appellate court, however, will *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party.  Rather, in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are "uncontroverted."

*Id.* at 410.

## UNCONTROVERTED FACTS

Plaintiff's Complaint, and the evidence submitted by Defendant in support of its motion, establishes the following uncontroverted facts.

This case involves a residential property located at 8215 Filmore Court, White Lake, Michigan ("the Property").  (Pl.'s Compl. at ¶ 4).

On July 19, 2005, Plaintiff obtained a residential mortgage loan from Union Financial Services, Inc. ("Union") in the amount of $340,000.00 to refinance an existing loan.  (Ex. 1 to Def.'s Motion).  Plaintiff executed a promissory note ("the Note") and, as additional security, Plaintiff and his wife executed a mortgage encumbering the Property ("the Mortgage").  (Exs. 1 & 2 to Def.'s Motion).

In connection with the Note and Mortgage, Plaintiff received a Federal Truth in Lending Disclosure Statement ("the TILA Disclosure").  (Ex. 4 to Def.'s Br.).  That TILA Disclosure explains that Plaintiff's monthly payment would be $1,957.24 for 359 payments and his final payment would be $1,949.56.  The TILA Disclosure also sets forth the annual percentage rate for Plaintiff's loan (5.651%), the total finance charge, the amount being financed, and the total amount of payments.  Both Plaintiff and his wife signed the TILA Disclosure, acknowledging

that they had read and received a copy of it.  (*Id*.).

On July 19, 2005, Union assigned it interest in the Property to Chase via an assignment of mortgage.  (Ex. 5 to Def.'s Br.).

On November 29, 2005, Plaintiff entered into a $60,000 home equity line of credit agreement with Chase ("Line of Credit").  (Ex. 6 to Def.'s Br.).  In connection with the Line of Credit, Plaintiff and his wife granted Defendant a Home Equity Line of Credit Mortgage.  (*Id*.).

ANALYSIS

I.      This Court Shall Grant Defendant's Motion.

For the reasons below, the Court shall GRANT Defendant's motion and dismiss all claims in this action.

     A.      Plaintiff's Claim for "Wrongful Foreclosure" (Count II):

Defendant contends that this claim must be dismissed because Defendant "has made no effort to foreclose.  In other words, no foreclosure, wrongful or otherwise, has occurred." (Def.'s Br. at 5).  The Court shall dismiss this claim because it lacks a factual basis.

Moreover, this is not the first time that Plaintiff's Counsel have asserted a "wrongful foreclosure" claim despite the fact that no foreclosure proceedings have been commenced.  *See e.g., Beydoun v. Countrywide Home Loans, Inc*., No. 09-10445, 2009 WL 1803198 (E.D. Mich. June 23, 2009) ("Defendant has not commenced foreclosure proceedings.  Plaintiff's claim for wrongful foreclosure is therefore speculative, theoretical, and premature" and shall be dismissed.)  In fact, Judge Lawrence Zatkoff imposed sanctions in that case under 28 U.S.C. § 1927 because the claims in that action were without a legal or factual basis and Plaintiff unreasonably and vexatiously multiplied the proceedings.  *Id*. at * 7.

B.     Plaintiff's Defamation of Credit/ Violation of FCRA Claims (Count VIII):

Defendant contends that Plaintiff's "defamation of credit" claim is expressly preempted by the Fair Credit Reporting Act in 15 U.S.C. § 11681t(b)(1)(F). The Court agrees and shall dismiss Plaintiff's "defamation of credit" claim. This same claim has been dismissed, on this very same basis, in other actions initiated by Plaintiff's Counsel. *See, e.g., Sparks v. M&T Bank*, No. 09-12128, 2009 WL 4506436 (E.D. Mich. Dec. 1, 2009) (Finding that Plaintiff cannot proceed on his defamation of credit claim because "it is preempted by the FCRA").

Defendant also asserts that Plaintiff has failed to state a claim under the FCRA, stating:

> Under the FCRA, Chase can only be liable to Plaintiff (if at all) for what is called a "failure to investigate" claim, *i.e.,* an alleged failure to investigate a claim or dispute about information appearing on someone's credit report, after that person complains to a consumer reporting agency (i.e., TransUnion, Experian and Equifax), and after the consumer reporting agency ("CRA") notifies Chase of the consumer's complaint.
> Section 1681s-2(a) defines a furnisher's obligations when furnishing information. Under Section 1681s-2, consumers (such as Plaintiff) have no private right of action against furnishers (such as Chase) for mistakes in the initial reporting of information – only governmental entities can pursue such claims. See 15 U.S.C. § 1681s-2(c). A furnisher can only be liable to a consumer if it fails to conduct a reasonable investigation **after** a consumer complains to a CRA, and **after** the CRA notifies the furnisher of the complaint. *See id.* and 15 U.S.C. § 1681s-2(b).
> Here, Plaintiff's FCRA claim (and his preempted defamation of credit claim) are properly dismissed because Chase's duties toward Plaintiff under the FCRA have not even been triggered. Specifically, Plaintiff has not alleged (nor does he have any basis to allege) that: (i) he filed a complaint with a CRA concerning information furnished by Chase, (ii) Chase was notified of any complaint by any CRA, or (iii) Chase failed to conduct a reasonable investigation concerning a complaint. Thus, Plaintiff has failed to state a claim against Chase under the FCRA.

(Def.'s Br. at 6-7).

The Court agrees that Plaintiff has failed to state a claim under the FCRA. This same claim has also been dismissed, on this very same basis, in other actions initiated by Plaintiff's

6

Counsel.  *See, e.g., Straub v. M&I Bank, FSB*, No. 09-13414, 2009 WL 3464524 at *3 (E.D. Mich. Oct. 23, 2009).

  C. <u>Plaintiff's TILA Claims (Counts III & V)</u>:

Next, Defendant challenges Plaintiff's TILA claims (Counts III & V) on several grounds.

First, Defendant asserts that Plaintiff's TILA claims are barred under TILA's one-year statute of limitations.  Pursuant to 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Defendant notes that the transactions at issue in this case occurred on July 19, 2005, and November 29, 2005.  Plaintiff did not file this action until February 13, 2009 – more than three years later.  Defendant also asserts that Plaintiff has provide no evidence whatsoever to support equitable tolling of the TILA statute of limitations.

The Court agrees that Counts III & V should be dismissed as time-barred.  Plaintiff's Counsel is undoubtedly aware of the applicable statute of limitation – as numerous TILA claims that Plaintiff's Counsel have filed on behalf of other Plaintiffs have been dismissed as untimely under this applicable statute of limitation.  *See e.g., Beydoun v. Countrywide Home Loans, Inc.*, 2009 WL 1803198 at *4-5 (E.D. Mich., J. Zatkoff); *Moore v. Onewest Bank, F.S.B.,* 2009 WL 3270181 at * 4-5 (E.D. Mich., J. Cleland); *Darr v. Beal Bank, S.S.B.*, 2009 WL 3429663 at *4 (E.D. Mich., J. Cohn); *Breitmeyer v. CitiMortgage, Inc*., 2009 WL 3628005 at *3-4 (E.D. Mich., J. Murphy); and *Swarich v. Onewest Bank, F.S.B.*, 2009 WL 4041947 at * 3-5 (E.D. Mich., J. Edmunds).  Moreover, Plaintiff did not respond to Defendant's motion and thus has not provided any evidence to support equitable tolling of the TILA statute of limitations in this case.

Second, Defendant contends that Plaintiff's TILA claims are also barred by TILA's statute of repose.  Relying on Chief Judge Gerald Rosen's opinion in *Sobh v. Chase Home Finance, LLC,* No. 09-11986 (E.D. Mich. July 28, 2009) and 15 U.S.C. § 1635(f), Defendant contends that a three-year statute of repose applies to a claim for rescission and that three-year period is not subject to equitable tolling.  The Court agrees that the three-year period ended, at the latest, on November 29, 2008 (i.e., three years after the latest transaction with Defendant).

        D.       <u>Plaintiff's Claim For Predatory Lending (Count IV):</u>

Defendant contends that this Count must be dismissed because Michigan does not recognize a cause of action for "predatory lending."

Plaintiff's Counsel have attempted to pursue predatory lending claims in numerous other actions filed in the Eastern District of Michigan.  In *numerous* decisions, the Judges in this district have dismissed those claims because Plaintiff's Counsel have offered no authority to establish that such a cause of action is recognized under Michigan law.  *See. e.g.*, *Beydoun v. Countrywide Home Loans, Inc.,* No. 09-10445, 2009 WL 1803198 (E.D. Mich. June 23, 2009); *Saleh v. Home Loan Services, Inc*., No. 09-10033, 2009 WL 2496682 (E.D. Mich. Aug. 17, 2009); *Yaldoo v. Homecomings Financial, LLC*, No. 09-11359, WL 3388377 (E.D. Mich. Oct. 16, 2009); *Darr v. Beal Bank, S.S.B.*, No. 09-11861, 2009 WL 3429663 (E.D. Mich. Oct. 21, 2009); *Shammami v. IndyMac Federal Bank*, *FSB,* No. 09-12952, 2009 WL 3429654 (E.D. Mich. Oct. 21, 2009); *Straub v. M & I Bank, FSB*, No. 09-13414, 2009 WL 346524 (E.D. Mich. Oct. 23, 2009); *Swarich v. Onewest Bank, F.S.B.*, No. 09-13346, 2009 WL 4041947 (E.D. Mich. Nov. 2009); *Sparks v. M&T Bank*, No. 09-12128, 2009 WL 4506436 (E.D. Mich. Dec. 1, 2009); and *Thielen v. GMAC Mortgage Corp*., __ F. Supp.2d __, 2009 WL 443584 (E.D. Mich. Dec. 2,

2009).  Count IV shall be dismissed because Plaintiff has offered no authority to establish that this cause of action exists.

      F.      <u>Plaintiff's Misrepresentation Claims (Counts VI & VII):</u>

Defendant challenges Plaintiffs misrepresentation claims on numerous grounds, including that: 1) Plaintiff has failed to plead fraud with particularity; 2) Plaintiff cannot establish the essential element of reliance; and 3) Plaintiff cannot provide any evidence in support of these claims.  (*See* Def.'s Br. at 13-15).

Plaintiff did not file a response to Defendant's motion and, therefore, did not submit any evidence in support of these claims.  The Court shall grant summary judgment with respect to these claims.

      G.      <u>Plaintiff's Claims For Rescission Of Note and Mortgage (Count IX) and Reformation of Note and Mortgage (Count X):</u>

Defendant seeks dismissal of these counts on several grounds, including that: 1) Plaintiff has failed to allege a proper rescission claim; 2) Plaintiff has failed allege a proper reformation claim; and 3) Plaintiff cannot provide evidence to support either claims.

Again, Plaintiff did not file a response to Defendant's motion and, therefore, did not submit any evidence in support of these claims.  The Court shall grant summary judgment with respect to these claims.

      H.      <u>Plaintiff's Claim For An Accounting (Count I):</u>

Defendant contends that Plaintiff's request for an accounting of the amount of money owed by Plaintiff should be dismissed because no accounting is required under the circumstances presented here.  Defendant notes that Plaintiff receives monthly mortgage statements setting forth the amount of money he owes to Defendant.  Defendant further notes

that an accounting is not proper where, as here, discovery is sufficient to determine the amounts owed. The Court agrees and shall dismiss this claim.

      I.      <u>Plaintiff's Claim Under The MBLSLA (Count XI):</u>

Defendant contends that Count XI, Plaintiff's claim under the MBLSLA, must be dismissed because, under M.C.L. § 445.1675(m), the act does not apply to an affiliate of a depository financial institution such as Defendant. (*See* Def.'s Br. at 18-19).

The Court agrees that Defendant is exempt from the Act under M.C.L. §445.1675[1] and shall dismiss this claim.

      J.      <u>Plaintiff's Usury Claim (Count XII):</u>

In Count XII, Plaintiff alleges that Defendant "has committed usury against Plaintiffs."

Defendant contends this claim must be dismissed because Plaintiff has failed allege an actionable usury claim under Michigan law. Defendant notes that under Michigan's usury statute, M.C.L. § 438.31, interest rates greater than seven percent are typically prohibited in Michigan. Here, however, the evidence presented to the Court reflects that Plaintiff's interest rate is less than seven percent.

Moreover, even if Plaintiff's interest rate exceeded seven percent, Defendant contends that under Michigan law, an exception exists for loans secured by real property made by a lender regulated by the state or a federal agency. M.C.L. § 438.31c(2) & (5).

Count XII shall be dismissed because it fails to state a usury claim under Michigan law.

---

[1] MBLSLA claims asserted by Plaintiff's Counsel in other actions have also been dismissed on the ground that the Defendant is exempt from the Act under M.C.L. § 445.1675. *See e.g.*, *Shammami v. IndyMac Federal Bank, FSB*, No. 09-12952, 2009 WL 3429654 (E.D. Mich. Oct. 21, 2009); *Straub v. M & I Bank, FSB,* No. 09-13414, 2009 WL 3464524 (E.D. Mich. Oct. 23, 2009).

M.C.L. § 438.31c(2) & (5); *Hanning v. Homecomings Financial Networks*, 436 F.Supp.2d 865, 871 (W.D. Mich. 2006); *Nelson v. Associates Financial Svs. Co. of Indiana*, 253 Mich.App. 580, 590-92 (2003).[2]

K.      Plaintiff's Request For Injunctive Relief (Count XIII):

Defendants note that Count XIII does not state an independent cause of action, but rather seeks injunctive relief based upon the above claims. Given that the Court is dismissing the above claims, it shall also dismiss this Count seeking injunctive relief based upon those claims.

II.     Defendant's Request For Sanctions:

Defendant's motion asserts that this action is frivolous and that "[n]ot one of the claims Plaintiff alleges has any basis in fact or in law." (Def.'s Br. at 20). Defendant's motion request that this Court award "Defendant its costs and fees, including attorneys fees, incurred in having to defend this action." (Def.'s Br. at 2).

Although Defendant did not cite any specific authority in support of that request, it is well established that this Court has the authority to *sua sponte* impose sanctions against Plaintiff's Counsel, under either 18 U.S.C. § 1927, or under FED. R. CIV. P. 11(c)(1).

While this Court is not imposing sanctions in this case, the Court is troubled by the actions of Plaintiff's Counsel.

This is not an isolated incident of an attorney filing claims without a factual or legal basis. As Judge Patrick Duggan noted in *Jaafar v. Homefield Financial, Inc.*, No. 09-12832,

---

[2]Plaintiff's Counsel have had usury claims dismissed in at least one other case in this district. *See Yaldo v. Homecomings Financial, LLC,* No. 09-11359, WL 3388377 (E.D. Mich. Oct. 16, 2009) (Concluding that Plaintiff had not alleged an actionable usury claim.)

11

2009 WL 3602091 (E.D. Mich. Oct. 27, 2009), the counsel representing Plaintiff in this case have filed a plethora of cases in this district alleging virtually the same claims:

> The proliferation of cases in the Eastern District of Michigan filed by attorneys at the firm retained by Plaintiff has not escaped this Court's attention. Since December 2008, more than 90 cases filed by Plaintiff's law firm have been removed to this district from state courts. Although the number of claims asserted in the complaint sometimes varies, each of those 90+ cases involve nearly identical issues. In fact, other than the names of the parties involved, many of the allegations and claims in the complaints are identical.

(*Id*. at *3). Judge Duggan further noted that "Plaintiff's law firm has been on notice regarding the sanctionable nature of its conduct in these actions since at least June 23, 2009, when the Honorable Judge Zatkoff authorized sanctions pursuant to 28 U.S.C. § 1927." *Id*. at *3.

The claims in these actions filed by Plaintiff's Counsel have been rejected in numerous opinions and orders issued by the judges in the Eastern District of Michigan. Despite these rulings, and despite being sanctioned by both Judge Zatkoff and Judge Duggan, Plaintiff's Counsel have continued to file and pursue claims that lack a legal or factual basis. Indeed, Plaintiff's Counsel have cases asserting similar claims currently pending before this Court.

Accordingly, this Court is directing Plaintiff's Counsel to re-evaluate any other actions they have pending before this Court, to determine whether each claim asserted in those actions has an arguable basis in fact and law. If Plaintiff's Counsel continue to pursue claims without an arguable basis in fact or law, this Court will impose sanctions against the responsible attorneys and law firms.

## CONCLUSION & ORDER

For the reasons set forth above, Defendant's Motion for Summary Judgment and/or for Dismissal is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Counsel of record in this action (Kassem M. Dakhlallah and Edward L. Ewald, Jr.) are directed to re-evaluate any other actions they have pending before this Court, to determine whether each claim asserted in those actions has an arguable basis in fact and law.  If Plaintiff's Counsel continue to pursue claims without an arguable basis in fact or law, this Court will impose sanctions against the responsible attorneys and law firms.

IT IS SO ORDERED.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  January 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 20, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager